## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN WIRE GROUP, LLC<br><br>                         Plaintiff,<br><br>          -against-<br><br>WTEC HOLDINGS CORP., d/b/a WTEC ENERGY,<br><br>                        Defendant. | Case No. 1:22-cv-00253<br><br>**REPORT OF RULE 26(f) MEETING** |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties met and conferred on March 29, 2022, and submit the following report of the factors to consider under Rule 26(f)(3):

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

RESPONSE: The parties incorporate the March 22, 2022 Joint Status Report (ECF No. 16) and all the deadlines therein that have been so-ordered by the Court. Initial disclosures were exchanged on April 1, 2022.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

RESPONSE: The parties incorporate the March 22, 2022 Joint Status Report (ECF No. 16) and all the deadlines therein that have been so-ordered by the Court. This includes timeframes for both fact discovery and expert discovery.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

RESPONSE: The parties have discussed the potential scope and format of electronically stored information ("ESI") that may be requested and exchanged in discovery. The parties will address any issues related to ESI as they may arise following each party propounding

their initial discovery requests.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

RESPONSE:  None.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

RESPONSE:  None.

(F) any other orders that the court should issue under Rule 26(c) or under Rules 16(b) and 16 (c).

RESPONSE:  The parties are submitting for the Court's consideration and approval a slightly modified Form LR 26.2 Model Confidentiality Order along with this report. The parties' proposed Order duplicates the language of the Model Confidentiality Order, but adds certain provisions that would allow the parties to designate certain limited discovery materials for "Attorneys' Eyes Only" ("AEO") review.

The parties believe that, in specific circumstances that may arise in discovery in this matter, exploration of the facts underlying the parties' claims and defenses will involve matters and facts that involve highly confidential business information and/or trade secrets, including with respect to confidential manufacturing processes, product specifications, product characteristics, and similar information that is treated as confidential and may be subject to trade secret protection. Accordingly, the parties believe that sparing use of an AEO designation may be appropriate at times, and respectfully request that the Court approve and so-order the confidentiality order that the parties have submitted for the Court's review.

Dated: April 8, 2022

Respectfully submitted,

KELLEY DRYE & WARREN LLP

/s/ *Steven R. Nevolis*

Mark A. Konkel, Pro Hac Vice
Steven R. Nevolis, Pro Hac Vice
3 World Trade Center, 175 Greenwich Street
New York, NY 10007
T: (212) 808-7959
F: (212) 808-7908

*Attorneys for Defendant Wind Turbine and
Energy Cables Corp.*

*/s/ Daniel A. Dorfman*

Daniel A. Dorfman
Richard S. Wilson
**Fox Swibel Levin & Carroll LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
(312) 224-1200
ddorfman@foxswibel.com
rwilson@foxswibel.com

*Attorneys for Plaintiff
American Wire Group LLC*